LOUIS M. BUBALA III, ESQ.
Nevada Bar #8974
JONES VARGAS
100 W. Liberty St., 12th Flr.
P.O. Box 281
Reno, NV 89504
Telephone: 775-786-5000
Facsimile: 775-786-1177
Email: lbubala@gmail.com

Attorney for Defendant
American Realty Investors, Inc.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ART PICCADILLY AIRPORT, LLC;<br><br>ART PICCADILLY CHATEAU, LLC; and<br><br>ART PICCADILLY SHAW, LLC | Bankr. E.D. Tex. Case Nos.<br><br>10-42374-BTR-11<br>(lead case for joint administration)<br><br>10-42376-BTR-11<br><br>10-42377-BTR-11 |
| FAR EAST NATIONAL BANK,<br><br>            Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY INVESTORS, INC.,<br><br>           Defendant. | Bankr. D. Nev. Case No. _____<br><br>[Case No. CV10-02718, Dept. B7 (Flanigan, J.)<br>Second Judicial District Court for Washoe<br>County, Nevada]<br><br>**NOTICE OF REMOVAL OF ACTION AND ALL CLAIMS, WITH CERTIFICATE OF SERVICE** |

TO:   THE UNITED STATES BANKRUPTCY COURT
          FOR THE DISTRICT OF NEVADA

On July 19, 2010, Debtors Art Piccadilly Airport, LLC; Art Piccadilly Chateau, LLC; and Art Piccadilly Shaw, LLC (collectively, "Debtors"), filed Chapter 11 bankruptcy petitions in the U.S. Bankruptcy Court for the Eastern District of Texas, Sherman division.  Far East National Bank is a lender to Debtors, has appeared in the Chapter 11 cases, and is actively objecting to certain relief sought by Debtors.

1       On September 9, 2010, Far East National Bank ("Plaintiff") filed an action in the Second Judicial District Court for Washoe County, Nevada, against American Realty Investors, Inc. ("Defendant") as guarantor of the debt allegedly owed by Debtors.  Therefore, Defendant notices the removal of this case and all claims to the United States Bankruptcy Court for the District of Nevada for the subsequent transfer of venue to the location of the bankruptcy cases, the Eastern District of Texas.  28 U.S.C. § 1452; Fed. R. Bankr. P. 9027.

Plaintiff initially filed its complaint against Defendant on September 9, 2010.  Section 1452 of Title 28 of the United States Code permits a party to "remove any claim or cause of action in a civil action" related to a bankruptcy case.  *See also* 28 U.S.C. § 1334.  This case is related to the bankruptcies of the Debtors because it affects case administration in terms of the claims, Debtors' liabilities and the creditor base.   Federal Rule of Bankruptcy Procedure 9027(a)(3) permits removal within the shorter of "30 days after receipt" of the pleading or the summons.  In this case, the pleading and summons were served on September 10, 2010.  The thirtieth day after the receipt of the pleading or summons is October 10, 2010.  Therefore, this removal is proper and timely.  Defendant contends that this proceeding is core.  28 U.S.C. § 157(b)(2)(A), (B), (O).  To the extent this proceeding is not core, Defendant consents to final orders or judgment by the bankruptcy judge. Fed. R. Bankr. P. 9027(a)(1).

A copy of all process and pleadings is attached as Exhibit 1.  Fed. R. Bankr. P. 9027(a).  Although process is specifically defined in Federal Rule of Bankruptcy Procedure 7007, incorporating by reference Federal Rule of Civil Procedure 7, Defendant notes that the state court record also contained an Ex Parte Motion for An Order to Show Cause Why a Prejudgment Writ of Attachment and Writ of Garnishment Should Not Issue, which was granted and set for hearing on September 20, 2010.  A copy of this notice is being served concurrently on Plaintiff.  Fed. R. Bankr. P. 9027(b).  A notice of removal is being filed concurrently in the Second Judicial District Court for Washoe County, Nevada.  Fed. R. Bankr. P. 9027(c).

DATED this 17th day of September, 2010.   JONES VARGAS

  /s/Louis M. Bubala III
LOUIS M. BUBALA III, ESQ.

Attorneys for American Realty Investors, Inc.

**CERTIFICATE OF SERVICE**

I certify that on this date, pursuant to FRBP 7005 and 9027, I am serving a true copy of the attached

**NOTICE OF REMOVAL OF ACTION AND ALL CLAIMS, WITH CERTIFICATE OF SERVICE**

on the party(s) set forth below by:

X      Hand delivery:

Paul Matteoni
Jasmine K. Mehta
Bruce T. Beesley
Lewis and Roca LLC
50 W. Liberty St., Ste. 410
Reno, NV 89501
(Counsel for Plaintiff Far East National Bank)

Second Judicial District Court
75 Court St.
Reno, NV 89501
(Filed in Case No. CV10-02718)

Hon. Patrick Flanagan
Second Judicial District Court
75 Court St.
Reno, NV 89501
(Courtesy Copy for Presiding Judge)

DATED this 17th day of September, 2010.

                                                                             /s/Louis M. Bubala III
                                                                             An employee of
                                                                             JONES VARGAS

# Exhibit 1

# Exhibit 1

CODE 4085

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF WASHOE

FAR EAST NATIONAL BANK,

Plaintiff(s),

vs.

AMERICAN REALTY INVESTORS, INC.,
DOES 1 - 30, Defendant(s).

Case No. CV10 02718

Dept. No. 8

**SUMMONS**

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU <u>RESPOND IN WRITING</u> WITHIN 20 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition). When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure, Rule 4(b).
The object of this action is: _____.

1. If you intend to defend this lawsuit, you must do the following within 20 days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, **a formal written answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.

2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this 9th day of September, 2010.

Issued on behalf of Plaintiff(s): FAR EAST NATIONAL BANK

LEWIS AND ROCA, LLP
Name: _____
Address: 50 West Liberty St., Ste. 410
Reno, Nevada 89501
Phone Number: (775)823-2900
Attorneys for Plaintiff

HOWARD W. CONYERS
CLERK OF THE COURT

M. Boss

By: _____
Deputy Clerk
Second Judicial District Court
75 Court Street
Reno, Nevada 89501

1

**AFFIDAVIT OF PERSONAL SERVICE**
(To be filled out and signed by the person who served the Defendant or Respondent)

STATE OF _____ )
                                )
COUNTY OF _____ )

I, _____, being first duly sworn, depose and say:
(Name of person who completed service)

1. That I am not a party to this action and I am over 18 years of age:

2. That I personally served a copy of the Summons, the Complaint for Divorce, and the following documents: _____

_____

_____

upon _____, at the following
     (Name of Defendant or Respondent who was served)

location: _____

_____

on the _____ day of _____, 20_____.
                      (Month)         (Year)

_____
(Signature of person who completed service)

Subscribed and Sworn to before me this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

2

CODE: $1425
PAUL A. MATTEONI, NV BAR #3486
JASMINE K. MEHTA, NV BAR #8188
BRUCE T. BEESLEY, NV BAR #1164
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
(775) 823-2900
PMatteoni@LRLaw.com; JMehta@LRLaw.com;
BBeesley@LRLaw.com

Attorneys for Plaintiff

FILED
2010 SEP -9 AM 11:04
HOWARD W. CONYERS
BY M. Best
DEPUTY

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

FAR EAST NATIONAL BANK,           )  Case No. CV10-02718
                                  )
                    Plaintiff,    )  Dept. No.  8
                                  )
vs.                               )
                                  )
AMERICAN REALTY INVESTORS, INC.,  )
and DOES 1 through 30,            )
                                  )
                    Defendant.    )

## COMPLAINT

Plaintiff Far East National Bank ("Plaintiff") alleges as follows:

ALLEGATIONS COMMON TO AND INCLUDED IN ALL CLAIMS FOR RELIEF

1. Plaintiff is a national banking association with its principal place of business in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes thereon alleges that defendant American Realty Investors Inc. ("ARI"), was and is a corporation organized under the laws of the State of Nevada and doing business in Washoe County, Nevada.

3. Plaintiff is informed and believes and thereon alleges that Art Piccadilly Shaw LLC ("AP Shaw"), was and is a limited liability company organized under the

-1-

laws of the State of California with its principal place of business in Fresno, California.

4. Plaintiff is informed and believes and thereon alleges that Art Piccadilly Airport LLC ("AP Airport"), was and is a limited liability company organized under the laws of the State of California with its principal place of business in Fresno, California.

5. Plaintiff is informed and believes and thereon alleges that Art Piccadilly Chateau LLC ("AP Chateau"), was and is a limited liability company organized under the laws of the State of California with its principal place of business in Fresno, California.

6. In or about March 2007, Plaintiff made the following three (3) commercial real estate loans to certain entities (such loans are referred to collectively as the "Art Piccadilly Loans" and individually as an "Art Piccadilly Loan"):

   a. A commercial real estate loan in the original principal face amount of $12,800,000 to AP Shaw;

   b. A commercial real estate loan in the original principal face amount of $12,200,000 to AP Airport; and

   c. A commercial real estate loan in the original principal face amount of $3,700,000 to AP Chateau.

7. All of the Art Piccadilly Loans are cross-defaulted in that the occurrence of a default or an event of default under any one of the Art Piccadilly Loans shall, at Plaintiff's option, constitute a default and an event of default under each of the other Art Piccadilly Loans.

8. On or about March 20, 2007, Defendant ARI entered into a Continuing Guaranty agreement (the "AP Shaw Guaranty"), pursuant to which ARI absolutely and unconditionally guaranteed AP Shaw's obligations to Plaintiff. Attached hereto as Exhibit "1" is a true and correct copy of the AP Shaw Guaranty.

9. On or about March 19, 2007, Defendant ARI entered into a Continuing Guaranty agreement (the "AP Airport Guaranty"), pursuant to which ARI absolutely and unconditionally guaranteed AP Airport's obligations to Plaintiff. Attached hereto as Exhibit "2" is a true and correct copy of the AP Airport Guaranty.

10. On or about March 19, 2007, Defendant ARI entered into a Continuing Guaranty agreement (the "AP Chateau Guaranty"), pursuant to which ARI absolutely and unconditionally guaranteed AP Chateau's obligations to Plaintiff. Attached hereto as Exhibit "3" is a true and correct copy of the AP Chateau Guaranty.

11. The AP Shaw Guaranty, the AP Airport Guaranty and the AP Chateau Guaranty (collectively "the Guaranties") provide for the payment of all costs, including reasonable attorneys' fees, in any action to enforce any of Plaintiff's rights thereunder.

12. In November 2009, a default under the Art Piccadilly Loans by AP Shaw, AP Airport and AP Chateau occurred based on, among other things, a default on the obligation to make the monthly installment payments of principal and interest that became due and payable on November 1, 2009 and all monthly obligations thereafter. As a result of such defaults and the cross default provisions contained in the Art Piccadilly Loans, Plaintiff has elected to declare all indebtednesses under the Art Piccadilly Loans to be immediately due and payable.

Lewis and Roca LLP
0 West Liberty Street, Suite 410
Reno, Nevada 89501

123219.1

13. The Guaranties provide for the payment of all costs, including reasonable attorneys' fees, in any action to enforce any of Plaintiff's rights thereunder.

## FIRST CLAIM FOR RELIEF

(Breach of AP Shaw Guaranty Against Defendant ARI)

14. Plaintiff repeats, realleges and incorporates into this cause of action, as if fully set forth herein, the allegations in paragraphs 1 through 13.

15. ARI has breached the terms and conditions of the AP Shaw Guaranty by failing to remit to Plaintiff the amounts guaranteed thereunder, despite demand therefore. The AP Shaw Guaranty expressly states that Plaintiff may proceed against ARI without being required or obligated to bring any proceeding or take any action against AP Shaw or any other party. Therefore, the AP Shaw Guaranty constitutes an obligation independent of the Art Piccadilly Loan Documents, for which ARI is liable. The AP Shaw Guaranty provides that ARI shall pay all costs and reasonable attorneys' fees incurred in collecting any amount due thereunder.

16. Plaintiff has performed all of its obligations under the terms of the AP Shaw Guaranty.

17. As the direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined according to proof at trial, and the following sums are now due and payable from ARI under the AP Shaw Guaranty:

   a. Unpaid principal in the sum of not less than $12,171,746;

   b. Accrued but unpaid interest in an amount according to proof;

   c. Trustee's fees and expenses in an amount according to proof;

   d. Late charges in an amount according to proof;

   e. Attorneys' fees and costs in an amount according to proof; and

f. Any additional amounts owed pursuant to the terms of the AP Shaw Guaranty according to proof.

### SECOND CLAIM FOR RELIEF

(Breach of AP Airport Guaranty Against Defendant ARI)

18. Plaintiff repeats, realleges and incorporates into this cause of action, as if fully set forth herein, the allegations in paragraphs 1 through 17.

19. ARI has breached the terms and conditions of the AP Airport Guaranty by failing to remit to Plaintiff the amounts guaranteed thereunder, despite demand therefore. The AP Airport Guaranty expressly states that Plaintiff may proceed against ARI without being required or obligated to bring any proceeding or take any action against AP Airport or any other party. Therefore, the AP Airport Guaranty constitutes an obligation independent of the Art Piccadilly Loan Documents, for which ARI is liable. The AP Airport Guaranty provides that ARI shall pay all costs and reasonable attorneys' fees incurred in collecting any amount due thereunder.

20. Plaintiff has performed all of its obligations under the terms of the AP Airport Guaranty.

21. As the direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined according to proof at trial, and the following sums are now due and payable from ARI under the AP Airport Guaranty:

  a. Unpaid principal in the sum of not less than $11,593,186;

  b. Accrued but unpaid interest in an amount according to proof;

  c. Trustee's fees and expenses in an amount according to proof;

  d. Late charges in an amount according to proof;

Lewis and Roca LLP
0 West Liberty Street, Suite 410
Reno, Nevada 89501

123219.1

e. Attorneys' fees and costs in an amount according to proof; and

f. Any additional amounts owed pursuant to the terms of the AP Airport Guaranty according to proof.

### THIRD CLAIM FOR RELIEF

(Breach of AP Chateau Guaranty Against Defendant ARI)

22. Plaintiff repeats, realleges and incorporates into this cause of action, as if fully set forth herein, the allegations in paragraphs 1 through 21.

23. ARI has breached the terms and conditions of the AP Chateau Guaranty by failing to remit to Plaintiff the amounts guaranteed thereunder, despite demand therefore. The AP Chateau Guaranty expressly states that Plaintiff may proceed against ARI without being required or obligated to bring any proceeding or take any action against AP Chateau or any other party. Therefore, the AP Chateau Guaranty constitutes an obligation independent of the Art Piccadilly Loan Documents, for which ARI is liable. The AP Chateau Guaranty provides that ARI shall pay all costs and reasonable attorneys' fees incurred in collecting any amount due thereunder.

24. Plaintiff has performed all of its obligations under the terms of the AP Chateau Guaranty.

25. As the direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined according to proof at trial, and the following sums are now due and payable from ARI under the AP Chateau Guaranty:

a. Unpaid principal in the sum of not less than $3,554,517;

b. Accrued but unpaid interest in an amount according to proof;

c. Trustee's fees and expenses in an amount according to proof;

    d. Late charges in an amount according to proof;

    e. Attorneys' fees and costs in an amount according to proof; and

    f. Any additional amounts owed pursuant to the terms of the AP Chateau Guaranty according to proof.

## FOURTH CLAIM FOR RELIEF

(For Injunctive Relief Against Defendant ARI)

26. Plaintiff realleges and incorporates herein by reference each allegation set forth in Paragraphs 1 through 25 as though set forth in full.

27. Plaintiff is informed and believes and thereon alleges that, unless restrained and enjoined, ARI will dissipate or otherwise use its assets for its exclusive and sole benefit and not to satisfy ARI's obligations under the Guaranties for the benefit of Plaintiff.

28. Plaintiff has no plain, adequate or speedy remedy at law to enforce its rights under the Guaranties, and unless restrained, ARI will cause Plaintiff to suffer irreparable damages, injury and harm.

29. Plaintiff requests that until entry of judgment in this matter, that ARI be restrained and enjoined from (a) disbursing any monies it now holds or may collect in the future, (b) suffering, committing or permitting any waste of ARI's assets or any part thereof, (c) suffering, committing or permitting any act in violation of law with respect to any of ARI's assets, (d) removing, transferring, encumbering or otherwise disposing of any of ARI's assets or property; (e) demanding, collecting, receiving, discounting or in any other way diverting or using of any rents, income, revenue, earnings, issues and profits, accounts receivable, or proceeds that ARI receives; (f) expending, disbursing, transferring, assigning, selling, conveying,

devising, pledging, mortgaging, creating a security interest in, encumbering, concealing or in any manner whatsoever disposing of the whole or any part of ARI's assets; and (g) doing any act that will, or would tend to, materially impair, defeat, divert, prevent or prejudice the preservation of the ARI's assets.

WHEREFORE Plaintiff prays for judgment as follows:

1. For damages according to proof; and

2. For costs of suit incurred herein, including attorneys' fees pursuant to the respective Guaranties;

3. For costs of suit and reasonable attorneys' fees.

The undersigned does hereby affirm that the preceding document does not contain the social security number of any person.

DATED this 9 day of September, 2010.

LEWIS AND ROCA LLP

By: /s/ Jasmine K. Mehta
PAUL A. MATTEONI, NV BAR #3486
JASMINE K. MEHTA, NV BAR #8188
BRUCE T. BEESLEY, NV BAR #1164
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501

*Attorneys for Plaintiff*