LOUIS M. BUBALA III, ESQ.
Nevada Bar #8974
JONES VARGAS
100 W. Liberty St., 12th Flr.
P.O. Box 281
Reno, NV 89504
Telephone: 775-786-5000
Facsimile: 775-786-1177
Email: lbubala@jonesvargas.com

Attorney for Defendant
American Realty Investors, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ART PICCADILLY AIRPORT, LLC;<br><br>ART PICCADILLY CHATEAU, LLC; and<br><br>ART PICCADILLY SHAW, LLC | Bankr. E.D. Tex. Case Nos.<br><br>10-42374-BTR-11<br>(lead case for joint administration)<br><br>10-42376-BTR-11<br><br>10-42377-BTR-11 |
| FAR EAST NATIONAL BANK,<br><br>               Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY INVESTORS, INC.,<br><br>               Defendant. | Bankr. D. Nev. Case No. <u>10-05095-GWZ</u><br><br>[Case No. CV10-02718, Dept. B7 (Flanigan, J.)<br>Second Judicial District Court for Washoe County, Nevada]<br><br>**MOTION TO TRANSFER VENUE, WITH CERTIFICATE OF SERVICE**<br><br>**Hrg. Date: 11/18/10**<br>**Hrg. Time: 10 a.m.**<br>**Est. Length: 30 min.** |

     Defendant American Realty Investors, Inc., moves to transfer this adversary proceeding to the U.S. Bankruptcy Court for the Eastern District of Texas. This motion is made pursuant the Court's authority to "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412, incorporated by Fed. R. Bankr. P. 7087.

I. **INTRODUCTION**

This case arises from the borrowers' defaults on loans involving three hotel properties in Fresno, California. This is one of three cases arising from the default in three different courts in three different states. The borrowers are in the midst of a Chapter 11 bankruptcy in the Eastern District of Texas. The lender filed a prepetition action against the borrowers and certain guarantors in state court in Fresno County, California, for judicial foreclosure and breach of contract. The non-debtor defendants have since removed that case to the bankruptcy court in the Eastern District of California. A motion to transfer venue to the home bankruptcy court in Texas is set for hearing on October 21, along with a competing motion to remand.

The lender also filed this action in Washoe County against American Realty Investors, Inc. ("Guarantor"), which also provided guarantees separate from those provided by the non-debtor defendants sued in California. The Guarantor removed the proceeding in order to transfer it to the home bankruptcy court in Texas. The resolution of this guarantee litigation will affect the administration of the debtors' estates in the amount of their liabilities and composition of their creditor bodies. This is particularly true since the lender is by far the largest of the debtors' creditors, having filed a claim for more than $30 million. The resolution of the loan defaults and guarantee obligations are inextricably intertwined. It is not an efficient use of the debtors, courts and other parties' time and resources to have the dispute resolved in three different courts. Since the lender's claims against the borrowers will be resolved in Texas, the Guarantor requests this case be transferred to Texas too.

Finally, the transfer makes sense because Nevada does not have a significant interest in this litigation. The Guarantor is incorporated in Nevada, but it does not have personnel, offices, property or business in the state. The Bank is based in Los Angeles with offices in California, China and Vietnam. Indeed, the parties anticipated this litigation would to be initiated in California. The loans concerned commercial real property in California; the guarantee agreements are governed by California law and required the Guarantor to consent to jurisdiction in California; and the lender sued the borrower in California. Alternatively, Texas is a proper venue based on the Guarantor's principal place of business. Nevada has no more than a *de minimis* interest in this

litigation, and everyone is best served if it is transferred to Texas to be resolved in the same forum with the bankruptcy and default litigation.

## II. **HISTORY**

In March 2007, Plaintiff Far East National Bank ("Bank") made loans for the acquisition of hotels by ART Picadilly Airport, LLC; ART Piccadilly Chateau, LLC; and ART Piccadilly Shaw, LLC (collectively, "Debtors"). *See* Ct. Dkt. #1, Notice of Removal at Ex 1, Complaint at ¶6. The hotels are in Fresno, California, *id.*, and all of the bank's offices in the United States are in California. **Motion Exhibit 1**, List of Bank's locations from its website.

The Guarantor contemporaneously executed guarantee agreements on those loans in favor of the Bank. The agreements are identical for all points relevant to this motion, and one of the agreements is attached as **Motion Exhibit 2**.

The Guarantor provided its guarantee because of its relationship with the Debtors. At the time that the Guarantor executed the guarantee, it ultimately held 100 percent of the equity interest in the Debtors (although it no longer is the equity holder in the Debtors). **Decl. of J. Daugherty**, filed concurrently with this motion. The Debtors were three of many investments involving the Guarantor, a NYSE-listed company that holds for investment a highly diverse portfolio of apartments, office buildings, retail centers, restaurants, parcels of land and other equity ownership interests located across the United States. *Id.* Although it is incorporated in Nevada, it does not have any offices, employees, property or operations in Nevada. *Id.* The Guarantor's headquarters and principal place of business are in Dallas, Texas. *Id.*

The Bank alleges that the Debtors defaulted on their loans in November 2009. Ct. Dkt. #1, Notice of Removal at Ex 1, Complaint at ¶12. On July 12, 2010, the Bank filed an action in California against the Debtors and related non-debtor defendants for judicial foreclosure, specific performance and breach of certain guarantees. *Far East Nat'l Bank v. ART Piccadilly Shaw, LLC*, Case No. 10-CEGG-02404 (Superior Court, Fresno County, California).

One week later, the Debtors filed their Chapter 11 petitions. *In re ART Piccadilly Airport, LLC*, Case No. 10-42374-BTR-11 (Bankr. E.D. Tex., lead case for joint administration). The Bank filed a claim for more than $30 million, making it the largest creditor in the jointly

1  administrated cases.  **Motion Exhibit 3**, *In re ART Piccadilly Airport, LLC*, Cl. Reg. #12, filed Sept. 27, 2010 (omitting 208 pages of loan document exhibits); *e.g.*, **Motion Exhibit 4**, *In re ART Piccadilly Airport, LLC*, Ct. Dkt. #18, Schedules (listing the Bank as holding virtually all of the $12 million debt scheduled by this Debtor).

On August 18, 2010, the related non-debtor defendants removed the California state court litigation to the bankruptcy court for Fresno County.  **Motion Exhibit 5**, Notice of Removal filed in *Far East Nat'l Bank v. ART Piccadilly Shaw, LLC*, Case No. 10-01193 (Ct. Dkt. #1, Bankr. E.D. Cal.).  The removing defendants asserted in the removal that "In the interest of judicial economy, it is best to litigate the State Court Action and the Chapter 11 Case in one forum." *Id.* at 4:12-13.

The removing defendants then moved to transfer venue to Texas.  **Motion Exhibit 6**, Motion, Memorandum & Exhibits (Ct. Dkt. #s 37-39, filed Aug. 25, 2010).  The Bank has not yet responded but moved to remand to the California state court.  **Motion Exhibit 7**, Motion, Memorandum, Declaration & Exhibits (Ct. Dkt. #49-52, filed Sept. 23, 2010).  Both motions are set for hearing on October 21, 2010.  **Motion Exhibits 6-7**.

On September 9, 2010, the Bank filed the underlying action against the Guarantor in the Second Judicial District Court for Washoe County, Nevada.  *See* Ct. Dkt. #1, Notice of Removal at Ex 1, Complaint.  The Guarantor timely and properly removed the action to this Court on September 17, 2010.  *Id.*

### III.  ARGUMENT

The Court may "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  28 U.S.C. § 1412, incorporated by Fed. R. Bankr. P. 7087.  Transfer of this case is warranted under either condition.

The transfer is in the interest of justice because of the home bankruptcy court has jurisdiction and an interest in the outcome of the guarantor litigation.  *See, e.g., Briney v. Burley (In re Burley)*, 738 F.2d 981, 988 (9th Cir. 1984).  This is consistent with the bankruptcy court's subject matter jurisdiction over a civil proceeding "if its outcome could have a conceivable effect on the bankruptcy estate." *Fidelity Nat'l Title Ins. Co. v. Rana (In re Azra Inv. Corp.)*, 310 B.R. 438, 441 (Bankr. D. Nev. 2004) (Tchaikovsky, J.), *citing Fietz v. Great W. Savings (In re Fietz)*,

852 F.2d. 455, 456 (9th Cir. 1988). Based on that standard, courts have held that "The bankruptcy courts has jurisdiction over a non-debtor third party guarantor of a debt." *E.g., In re Brentano's, Inc.*, 27 B.R. 90, 91-92 (Bankr. S.D.N.Y. 1983) (citing cases), *rev'd on other grounds*, 36 B.R. 90 (S.D.N.Y. 1984).

Not only does the bankruptcy court have jurisdiction over guarantee claims, it also has an interest in resolving them in conjunction with its administration of the case. As Chief Judge Bernstein held:

> If the creditor recovers from the guarantor, the creditor's claim against the estate will be reduced or eliminated, and the guarantor will succeed to a corresponding claim based on principles of subrogation, common law indemnification or reimbursement. The outcome of the suit may alter the makeup of the creditor body, and even if it does not affect the net amount of debt, it will directly affect the estate's administration of the case.

*Joremi Enters., Inc. v. Hershkowitz (In re New 118th LLC)*, 396 B.R. 885, 891 (Bankr. S.D.N.Y. 2008) (internal citations omitted); *see also Wood v. Wood (In re Wood)*, 825 F.2d 90, 94 (5th Cir. 1987) ("Success against any of the defendants will have a potential effect on the estate."), *citing by Burns v. First Citizens Bank & Trust Co. (In re Rainbow Sec. Inc.)*, 173 B.R. 508, 511-12 (Bankr. M.D.N.C. 1994).

The bankruptcy court also has an interest in guarantor litigation because it may provide the creditor with "an alternative source of recovery effectively diverting his claims from the bankruptcy estate." *Halper v. Halper,* 164 F.3d 830, 838 (3d Cir. 1999). "An action by a creditor against a guarantor of a debtor's obligations will necessarily affect the creditor's status, vis-à-vis, other creditors, and that the administration of the estate therefore depends on the outcome of that litigation." *Coordinated Components Corp. v. Art Mold & Polishing Co. (In re Dak Mfg. Corp.)*, 73 B.R. 917, 921 (Bankr. N.J. 1987), *citing Pacor v. Higgins (In re Pacor)*, 743 F.2d 984 (3d Cir. 1984).

In this context, it is appropriate to transfer the guarantor litigation to the bankruptcy court in Texas. This is particularly true when the Bank is the Debtors' largest creditor, owed an alleged $30 million that it also is seeking to recover from the Guarantor in the underlying proceeding in Nevada. Any judicial determination about the liability of the Guarantor will directly affect the

1 administration of the bankruptcy case through determinations of debtor's liabilities and its creditor base for reorganization. *Halper*, 164 F.3d at 838; *Joremi*, 396 B.R. at 891. Therefore, this Court should grant the motion to transfer venue based on the interest of justice in having all claims concerning the Fresno properties determinate in one forum, namely, the home bankruptcy court in the Eastern District of Texas. 28 U.S.C. § 1412, incorporated by Fed. R. Bankr. P. 7087.

Transfer also is warranted based on the convenience of the parties. As discussed above, the dispute over the Fresno hotel loans is currently before three different courts in three different states. Nevada has no significant interest in the outcome of this litigation since the parties have no connection to the state except for the Guarantor's incorporation here. As the Guarantor's tax manager attested, the business does not have any offices, employees, property or operations in Nevada, and its headquarters are in Dallas, Texas. **Decl. of J. Daugherty**, Guarantor has no business in Nevada. *See, e.g., Hertz Corp. v. Friend*, 559 U.S. ___, 130 S. Ct. 1181 (2010) (determining principal place of business is party's "nerve center," typically its headquarters). The Bank is similarly an alien to Nevada, with offices in California, China and Vietnam. **Motion Exhibit 1**, List of Bank's locations from its website. *See, e.g., Baker v. Eighth Judicial Dist. Court*, 116 Nev. 527, 534, 999 P.2d 1020, 1024 (2000) (noting importance of state's interest in adjudicating dispute in evaluating personal jurisdiction over defendant).

To be sure of the absence of Nevada's interest in this case, the parties agreed to have the guarantees determined as a matter of California law and consented to jurisdiction in California. **Motion Exhibit 2**, Guarantee at 8, ¶35 & 7, ¶29. The borrowers also filed for bankruptcy in Texas, the state of their principal place of business. Nevada has no interest in this proceeding. It makes more sense to consolidate the litigation in one forum—the bankruptcy court in Texas.

Plaintiff will not be disadvantaged by transferring this proceeding to Texas since it already is actively participating in the bankruptcy case. Plaintiff appeared on the third day of the case; filed two objections to the emergency motion to use cash collateral and submitted an exhibit and/or witness list for the hearing; opposed the application to employ a property manager for the hotels and submitted an exhibit and/or witness list; and filed a claim. **Motion Exhibit 8**, Electronic Court Docket, *In re ART Piccadilly Airport, LLC*, at Ct. Dkt. #s 4-5, 23, 25, 32 & 35;

1 **Motion Exhibit 3**, Bank's Claim. Plaintiff has clearly shown the ability to participate in proceedings in Texas and will not be disadvantaged if this case is transferred there. Nor is there any adverse implication in a delay in this proceeding, which has been on file for less than a month and discovery not yet commenced. A transfer at this time would cause little to no duplication of effort by the courts or the parties, and the transfer would not impair the rights of any party.

Furthermore, the Texas court is more than capable of handling a dispute involving questions of California law. The Eastern District of Texas is based in Plano, the home of many large companies and a northern suburb of the financial center in the Dallas-Fort Worth Metroplex. The Bankruptcy Court in the Eastern District of Texas is accustomed to dealing with a host of state law issues arising from the debtors' estates compromising property in diverse geographic locations. In addition, there is no evidence that a transfer to Texas will impair the parties' ability to secure the attendance of witnesses or enforce any judgment. The Guarantor and the Debtors maintain their principal places of business in the Metroplex. Their books, records and personnel are located in and near the Eastern District of Texas, not the District of Nevada.

The venue transfer is consistent with public policy that favors centralization of bankruptcy proceedings in the bankruptcy court where the case is pending. *E.g.*, *In re McCrary & Dunlap Contruct. Co.*, 256 B.R. 264 (Bankr. M.D. Tenn. 2000). Only the home bankruptcy court "has a global view of the [bankruptcy] case and reorganization efforts. … Multiple and haphazard state court litigations will delay and deter ultimate resolution of the bankruptcy case. This comment is not a criticism of state court proceedings; however, each forum has a restricted view of the factors and parties involved. This [Bankruptcy] Court has an overall view of the [bankruptcy] case and all aspects of that case should be before this Court, particularly actions that may determine whether reorganization efforts succeed." *In re Brentano's, Inc.*, 27 B.R. 90, 92 (Bankr. S.D.N.Y. 1983) (citing cases), *reversed on other grounds*, 36 B.R. 90 (S.D.N.Y. 1984). In any event, any question about the retention of jurisdiction is one properly left for the home bankruptcy court after the venue transfer. *Cornerstone Dental, PLLC v. Smart Dental Care, LLC*, Case No. 07-09002-TLM, 2008 WL 907374, *1-2 & n.5 (Bankr. D. Idaho March 31, 2008) (citing cases);

*Work/Family Directions, Inc. v. Children's Discovery Ctrs., Inc. (In re Santa Clara County Child Care Consortium)*, 223 B.R. 40, 49 (BAP 1st Cir. 1998) (citing cases).

Rather than litigate the guarantor litigation in Nevada while the underlying determinations about the loans will be determined in Texas, this case should be transferred to Texas for the convenience of the parties consistent with the public policy behind the Bankruptcy Code.

## IV.    **CONCLUSION**

This litigation arises from a dispute over loans issued to acquire three hotels in Fresno. The borrowers are in bankruptcy in Texas, and the Bank's prepetition claims against the borrowers have been removed to bankruptcy court in California. The Bank then brought the underlying action in state court in Nevada, prompting the Guarantor to remove it and move to transfer venue to Texas. The Bank's claims against the Guarantor will affect the administration of the bankruptcy case based on debtors' liabilities and creditor base. Combined with the fact that all other issues over the loan dispute will be resolved by the bankruptcy court in Texas, it simply makes the most sense to transfer this case to Texas.

DATED this 1st day of October, 2010.    JONES VARGAS

  /s/Louis M. Bubala III  
LOUIS M. BUBALA III, ESQ.

Attorneys for American Realty Investors, Inc.

# CERTIFICATE OF SERVICE

1. On October 1, 2010, I served the following document(s):

**MOTION TO TRANSFER VENUE, WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

BRUCE THOMAS BEESLEY on behalf of Plaintiff FAR EAST NATIONAL BANK
bbeesley@lrlaw.com, rmaples@lrlaw.com;jmoulian@lrlaw.com;mburns@lrlaw.com

☐ b. **United States mail, postage fully prepaid** (list persons and addresses):

☐ c. **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

☐ d. **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

☐ e. **By fax transmission** (list persons and fax numbers):

☐ f. **By messenger**:

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of October, 2010

| Barbara Salinas | /s/Barbara Salinas |
|---|---|
| Name | Signature |