BRIAN R. IRVINE, ESQ.
Nevada Bar #7758
JOHN P. SANDE, IV, ESQ.
Nevada Bar #9175
JONES VARGAS
100 W. Liberty St., 12th Fl.
P. O. Box 281
Reno, NV 89504
Telephone: 775-786-5000
Facsimile: 775-786-1177
Email: birvine@jonesvargas.com

Attorneys for Defendant
American Realty Investors, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ART PICCADILLY AIRPORT, LLC;<br><br>ART PICCADILLY CHATEAU, LLC; and<br><br>ART PICCADILLY SHAW, LLC | Bankr. E.D. Tex. Case Nos.<br><br>10-42374-BTR-11<br>(lead case for joint administration)<br><br>10-42376-BTR-11<br><br>10-42377-BTR-11 |
| FAR EAST NATIONAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY INVESTORS, INC.,<br><br>Defendant. | Bankr. D. Nev. Case No. BK-N-10-05095<br><br>[Case No. CV10-02718, Dept. B7 (Flanigan, J.) Second Judicial District Court for Washoe County, Nevada]<br><br>**OPPOSITION TO FAR EAST NATIONAL BANK'S MOTION FOR REMAND OR ABSTENTION** |

Defendant, American Realty Investors, Inc. ("**ARI**"), hereby submits its Opposition to Far East National Bank's ("**Far East**") Motion for Remand or Abstention.

**I.    INTRODUCTION**

In its motion, Far East attempts to characterize ARI's removal as "a blatant attempt at forum shopping and delay." *See* Far East's Motion for Remand or Abstention pg 2, ln 8-9. This

is untrue. ARI recognizes that in the interest of judicial economy and fairness, the best interest of all the parties is to resolve all the disputes arising from the same transaction in one venue; thus, avoiding duplicity of efforts, and possibly inconsistent judgments. The federal rules and court precedent recognize the problems attempting to piecemeal litigation and thus permit ARI's removal and do not allow for abstention in this circumstance.

In the most basic of terms, which will be further analyzed below, if this lawsuit is "related to" the underlying bankruptcy, and this Court is not subject to mandatory or equitable abstention/remand, removal is proper. 28 U.S.C.A. §1334(b); §1334(c)(2); §1452(b). First, this case clearly is related to the Chapter 11 bankruptcy because "the outcome [of this lawsuit] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) … which impacts the handling and administration of the bankruptcy estate." *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984).

Second, this Court is not subject to mandatory abstention in this matter. Under clear Ninth Circuit authority, abstention is inapplicable in removal cases because, following removal, there is no pendant state court proceeding. *See Security Farms v. International Broth. Of Teamsters*, 124 F.3d 999, 1009-1010 (9th Cit. 1997); *Baptist Foundation of Arizona v. Andersen*, 2000 WL 35575676 (D. Ariz.). Even if abstention were available in Ninth Circuit cases involving removal, which it is not, the factors considered by other Circuits are not present. To determine whether a court is subject to mandatory abstention pursuant to 28 U.S.C.A. §1332(c)(2), the court must determine whether the original lawsuit <u>could have been properly brought in the federal court</u>. *See* 28 U.S.C.A. §1334(c)(2). Here, this case could have been brought in federal court based on diversity jurisdiction under 28 U.S.C.A. §1332. None of the parties are residents of the same state, and the amount in dispute is greater than the jurisdictional limitation. Thus, abstention would be inappropriate even if it were an available remedy in the Ninth Circuit.

Finally, equitable factors weigh in denying remand. The Nevada state court has absolutely no interest in the outcome of this lawsuit. The genesis of this dispute is based on a

lending transaction negotiated, signed, and closed in California; the properties securing the loan are located in California, the guaranty agreements are to be interpreted pursuant to California law; the guaranty agreement requires the parties to submit to the jurisdiction of any federal or state court of competent jurisdiction within California; and the parties interested in this dispute maintain their places of business in California and Texas. The only interest Nevada has in this dispute is the fact that long ago one party to the action formed its corporation in Nevada.

For all of these reasons, this court should deny Far East's motion for remand or abstention.

## II. ANALYSIS

### a. THIS CASE SHOULD NOT BE REMANDED BECAUSE THIS COURT HAS JURISDICTION AND THE ISSUES BEFORE THE COURT ARE RELATED TO THE UNDERLYING BANKRUPTCY

Under 28 U.S.C.A. § 1452(a) a claim for relief or cause of action in a civil action, with certain exceptions, may be removed from the state court to the district court of the district where such civil action is pending, provided that the district court has jurisdiction over the claim for relief or cause of action under 28 U.S.C.A. § 1334.

The right to remove is thus predicated upon the existence of subject matter jurisdiction in the district court by virtue of 28 U.S.C.A. § 1334, which states, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11." 28 U.S.C.A. § 1334(b)(emphasis added). Thus, if the claim for relief or cause of action to be removed is a civil proceeding "arising under" Title 11, or "arising in" or " related to" a case under Title 11, removal is authorized, without more, because jurisdiction is conferred on the district court over all such civil proceedings by 28 U.S.C.A. § 1334(b). *National Acceptance Co. of California v. Levin*, 75 B.R. 457 (D. Ariz. 1987); *Quality Tooling, Inc. v. U.S.*, 47 F.3d 1569, Bankr. L. Rep. (CCH); *George Junior Republic in Pennsylvania v. Williams*, 2008 WL 763304 (E.D. Pa. 2008).

This case is subject to removal because it is "related to" the chapter 11 bankruptcy in California. In determining whether a case is "related to" a chapter 11 bankruptcy, the Ninth Circuit has adopted the test from the *Pacor* court. *Hendricks v. Detroit Diesel Corp.*, 2009 WL 4282812 (N.D. Cal). The test to determine whether a case is "related to" a chapter 11 is:

> "whether the outcome of that proceeding could *conceivably have any effect* on the estate being administered in bankruptcy... An action is related to bankruptcy if the outcome *could alter* the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*Pacor Inc. v. Higgins*, 743 F.2d 984 (1984)(emphasis added).

***"There is no question that an action against guarantors of a debtor's obligation is 'related to' the debtor's case."*** *In re Johnie T. Patton, Inc.*, 12 B.R. 470, 471 (Bkrtcy. Nev. 1981) (emphasis added).[1]

A long line of cases from various jurisdictions, including the *Johnie T. Patton* case above, have recognized that actions against guarantors of a debtor's obligation is "related to" the underlying bankruptcy case. *In re Brentano's, Inc.*, 27 B.R. 90. 91-92 (Bankr S.D.N.Y. 1983) ("[i]t follows, therefore, that the defendant's third party suit against ... [its guarantor] ..., is also a civil proceedings arising in and related to the ... bankruptcy. Manifestly, therefore, this court has jurisdiction for all of this within the pervasive jurisdiction given bankruptcy courts by new 28 U.S.C. § 1471(b) read with subsection (c).") (quoting *In re Lucasa International Ltd.*, 6 B.R. 717, 719 (Bankr. S.D.N.Y. 1980); *In re Brothers Caol Co.*, 6 B.R. 567 (Bankr. W.D. Va. 1980) (Where enforceability of creditor's claim against debtor's guarantor was related to rights debtor

---

[1] It must be noted that the Court in the *In re Johnie T. Patton, Inc.* granted the motion to remand to state court. However, the Court's ruling was based on the fact that the debtor, who was not a party to the state court proceeding, had attempted to remove the state court case. The Court clearly stated that "[t]here is no question that an action against guarantors of a debtor's obligation is 'related to' the debtor's case," but granted the motion to remand because "removal may be made only by a defendant in the action or any party. The debtor is not a party in the state action." *In re Johnie T. Patton, Inc.*, 12 B.R. at 471.

had under loan agreements and to repossession and liquidation provisions of the Uniform Commercial Code, as well as Bankruptcy Code sections relating to allowance, qualifications and subordination of claim, and litigation in state court would involve duplication of judicial effort, claim against guarantor was within the jurisdiction of Bankruptcy Court and would not be remanded to state court); *Lifetime Brands Inc. v. ARC International, SA*, 2010 WL 45680 (S.D.N.Y.).

These cases all recognize that the outcome against a guarantor will conceivably have an effect on the rights and liabilities of the bankruptcy estate. The bankruptcy estate will be affected by the state action because if the creditor is able to collect all or a portion of the debtor's liability to the creditor from a guarantor, the liability of the debtor under the bankruptcy estate will be discharged by that amount, and thus the rights and liabilities of the debtor will be different as to the other creditors of the bankruptcy estate.

Moreover, it appears from Far East's motion that Far East concedes that the state action is "related to" the underlying bankruptcy. Rather than argue that the state action is not related to the underlying bankruptcy, Far East turns its argument to the mandatory abstention rule contained in 28 U.S.C. §1334. *See* Far East motion pg 5 Section B. Abstention is not available in removal cases in the Ninth Circuit. Thus, due to Far East's concession and the state action's clear relation to the underlying bankruptcy, removal of the state action is justified and proper and this court should deny Far East's motion for remand or abstention.

b. **THIS CASE IS NOT SUBJECT TO MANDATORY ABSTENTION**

"'[A]bstention from the exercise of federal jurisdiction is the exception, not the rule.'" *Maryland Casualty Company v. Transportation Insurance Company*, 2009 WL 1441479 (D. Nev. 2009) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800,

813 (1976)). It must first be noted that the mandatory and permissive abstention provisions contained in 28 U.S.C. §1332(c)(1)-(2) are completely inapplicable and unavailable in removal actions in the Ninth Circuit. *See Security Farms v. International Broth. of Teamsters*, 124 F.3d 999, 1009-1010 (9th Cit. 1997); *Baptist Foundation of Arizona v. Andersen*, 2000 WL 35575676 (D. Ariz.). In *Security Farms*, the Ninth Circuit held that abstention is only available as a jurisdictional remedy where "there is a parallel proceeding in state court. That is, inherent in the concept of abstention is the presence of a pendant state action in favor of which the federal court must, or may, abstain." *Security Farms*, 124 F. 3d at 1009 (citing *In re S.G. Phillips Constrs., Inc.*, 45 F.3d 702, 708 (2d Cir.1995) and *In re Tucson Estates*, 912 F.2d 1162, 1167 (9th Cir.1990). The court in *Security Farms* went on to hold that, once the state court case was successfully removed to federal court, that state court case was extinguished, leaving no parallel state court action for abstention purposes. *Security Farms*, 124 F. 3d at 1010, n.10 ("The dilemma, as summarized by a Texas bankruptcy court, is inescapable: 'If [the] Court were to abstain, nothing would happen because there is only one lawsuit. What movant really seeks is remand ... back to State Court.'") (quoting *In re Duval County Ranch Co.*, 167 B.R. 848, 849 (Bkrtcy. S.D.Tex. 1994).

Based on the foregoing Ninth Circuit law, an argument for abstention is inapplicable to this situation and should end this court's inquiry. However, Far East inexplicably argues that, because there is a pending motion to transfer this matter to the Texas bankruptcy court, Fifth Circuit law should somehow apply. Even if that were true, and this Court was obligated to apply the law of the Fifth Circuit, Far East's arguments would still fail. The mandatory abstention language set forth in 28 U.S.C. §1334 states that the Court must abstain if: (1) a timely abstention motion is made; (2) the complaint could not have been originally file in federal court due to lack

of subject matter jurisdiction; and, (3) the state court is capable of timely adjudicating the dispute. 28 U.S.C. §1334

Here, Far East claims that the second prong cannot be met, claiming that this matter could not have been removed by Defendant because Defendant is a resident of Nevada for purposes of diversity jurisdiction. However, Far East's argument is misleading, disingenuous and misstates the applicable law. Although Far East correctly states the various elements of 28 U.S.C. §1334, it misstates these same elements in analyzing the statute and thus arrives at an incorrect conclusion. Far East states:

> "*Fourth*... Nor is there diversity jurisdiction that would allow removal because, while the Plaintiff and Defendant are residents of different states, Plaintiff brought the Complaint in *Defendant's* home state. Removal on the basis of diversity jurisdiction is proper 'only if none of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought...'"

Far East Motion for Remand or Abstention pg 7.

This is not, however, the proper inquiry. The proper inquiry is whether federal jurisdiction exists independent of §1334, not whether the matter is removable based upon diversity jurisdiction. In other words, mandatory abstention is only required if the parties are relying solely on §1334 to support federal jurisdiction. If an independent basis for federal jurisdiction exists (such as in this case), abstention is not required. Here, Far East could have brought its complaint against Defendant in federal court based upon diversity jurisdiction; therefore, mandatory abstention would be unavailable, even in the Fifth Circuit.

The federal courts have original jurisdiction over any matter when (1) the parties are citizens of different States and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive or interest and costs. 28 U.S.C. §1332(a)(1). A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal

place of business..." 28 U.S.C. §1332(c)(1).

Far East is a national banking association with its principal place of business in the State of California. *See* Far East's Complaint ¶ 1. ARI is a corporation organized under the laws of Nevada with its principal place of business in Texas. *See* Declaration of John Daugherty in Support of Motion to Transfer Venue, on file herein. Far East, in its complaint alleges that ARI is the guarantor on three notes in the amounts of $12,800,000; $12,200,000; and $3,700,000 for a total of $28,700,000. Thus, each of the parties to the lawsuit are citizens of different States, and the amount in controversy exceeds $75,000. This case is capable of independent federal jurisdiction.

Accordingly, mandatory abstention is not applicable to this case, and this Court is justified in denying Far East's motion for remand or abstention.

### c. THIS COURT SHOULD NOT PERMISSIVELY ABSTAIN FROM HEARING THIS MATTER.

Again, permissive abstention contained in 28 U.S.C. §1334(c)(1) is not permitted in removal cases in the Ninth Circuit. *See Security Farms v. International Broth. Of Teamsters*, 124 F.3d 999, 1009-1010 (9th Cit. 1997); *Baptist Foundation of Arizona v. Andersen*, 2000 WL 35575676 (D. Ariz.). Regardless, this Court should not permissively abstain in this instance nor grant equitable remand.

Far East is correct in its contention that considerations relevant to the appropriateness of equitable remand are essentially the same as those for discretionary abstention. *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111 (Bankr. D.N.J., 2003). Far East is also correct that courts are given broad discretion and will look as several factors to determine if equity demands remand. However, the movant has the burden to prove that equity demands remand.

In this case, equitable considerations do not require remand of this case. Nevada has no

interest in the outcome of this lawsuit. As stated above, the genesis of this dispute is based on a lending transaction negotiated, signed, and closed in California; the properties securing the loan are located in California, the guaranty agreements are to be interpreted pursuant to California law; the guaranty agreement requires the parties to submit to the jurisdiction of any federal or state court of competent jurisdiction within California; and the parties interested in this dispute maintain their places of business in California and Texas. Clearly, if any state has an interest in the outcome of this lawsuit, it would be California. Yet curiously, Far East accuses ARI of forum shopping.

### III. CONCLUSION

This matter should not be remanded to the state court as it is clearly "related to" the underlying bankruptcy proceeding. In addition, the State of Nevada has no compelling interest in hearing this matter, which will require the sitting court to apply California law to a dispute that arose in California and involves real property assets located in California. Moreover, there is no legal basis in the Ninth Circuit for this Court to abstain from hearing this matter. Accordingly, Plaintiff's motion should be denied.

Dated this ___ day of November, 2010.

JONES VARGAS

By: _____
Brian R. Irvine, Esq.
John P. Sande, Iv, Esq.
100 W. Liberty St., 12th Fl.
P. O. Box 281
Reno, NV 89504
Attorneys for Defendant
American Realty Investors, Inc.

## CERTIFICATE OF SERVICE

1. I certify that on this date, pursuant to FRBP 7005 and 9027, I am serving a true copy of the attached **OPPOSITION TO FAR EAST NATIONAL BANK'S MOTION FOR REMAND OR ABSTENTION** on the party(s) set forth below by:

2. I served the above-named document(s) by the following means to the persons as listed below:

   x  a.  **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

   ☐  b.  **United States mail, postage fully prepaid** (list persons and addresses):

   ☐  c.  **Personal Service** (list persons and addresses):
   I personally delivered the document(s) to the persons at these addresses:

   ☐  d.  **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

   ☐  e.  **By fax transmission** (list persons and fax numbers):

   ☐  f.  **By messenger:**

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 12th day of November, 2010

| Lydia Brunelli | /s/ Lydia Brunelli |
|---|---|
| Name | Signature |

1525652.doc