BRIAN R. IRVINE, ESQ.
Nevada Bar #7758
JOHN P. SANDE, IV, ESQ
Nevada Bar #9175
JONES VARGAS
100 W. Liberty St., 12th Fl.
P. O. Box 281
Reno, NV 89504
Telephone: 775-786-5000
Facsimile: 775-786-1177
Email: birvine@jonesvargas.com

Attorneys for Defendant
American Realty Investors, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ART PICCADILLY AIRPORT, LLC;<br><br>ART PICCADILLY CHATEAU, LLC; and<br><br>ART PICCADILLY SHAW, LLC | Bankr. E.D. Tex. Case Nos.<br><br>10-42374-BTR-11<br>(lead case for joint administration)<br><br>10-42376-BTR-11<br><br>10-42377-BTR-11 |
| FAR EAST NATIONAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY INVESTORS, INC.,<br><br>Defendant. | Bankr. D. Nev. Case No. BK-N-10-05095<br><br>[Case No. CV10-02718, Dept. B7 (Flanigan, J.)<br>Second Judicial District Court for Washoe<br>County, Nevada]<br><br>**REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE** |

Defendant, American Realty Investors, Inc., by and through its counsel of record, JONES VARGAS, hereby submits its Reply in Support of Motion to Transfer Venue.

A court may, "transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. As set forth in ARI's motion, the bankruptcy has jurisdiction over guarantee claims and has an interest in

\\Merlin\shared\Matters\American Realty Investors, Inc.\Far East National Bank v. American Realty Investors, Inc.\502596-00001\1526045.doc

resolving them in conjunction with its administration of the case. *Joremi Enters., Inc. v. Hershokowitz (In re New 118th LLC*, 396 B.R. 885, 891 (Bankr. S.D.N.Y. 2008; *see also Wood v. Wood (In re Wood)*, 825 F.2d 90, 94 (5th Cir 1987), *citing Burns v. First Citizens Bank & Trust Co. (In re Rainbow Sec. Inc.)*, 1973 B.R. 508, 511-12 (Bankr. M.D.N.C. 1994).

Thus, "the interest of justice" and "convenience of the parties" both indicate that the Texas bankruptcy court is better suited to resolve the disputes of the parties. This Court should therefore order such a transfer.

### 1. Interest of Justice

Far East attempts to argue that "[a]ll factors used by courts to evaluate the "interests of justice" mandate that the Motion be denied under either § 1404 or § 1412, and that the case should remain in Nevada. However, Nevada's only interest in this proceeding is that it involves a company (ARI) that is incorporated within its boundaries. Nevada's minor interest is overshadowed by the fact that ARI does not do business in Nevada, does not maintain an office in Nevada, does not have employees in Nevada, etc. Moreover, the transaction in dispute does not involve the interpretation of Nevada law, the parties have both stipulated to be subject to jurisdiction in another state, the transaction involves properties in another state, and none of the money in dispute was ever transferred through Nevada. In other words, when taken all together, Nevada's interest in the outcome of this litigation is rather small.

On the other hand, Texas has much more of an interest in this litigation: both the debtor and ARI maintain their principal offices in Texas; the debtor and ARI negotiated the transaction in dispute from their principal offices in Texas; the debtor filed its petition for bankruptcy; and the debtor's bankruptcy is currently pending in Texas. Therefore, Texas has a much greater interest in the administration of this dispute than Nevada.

Moreover, the efficiency of the adjudication of this dispute is much greater if consolidated with the underlying bankruptcy. As has already been discussed, "[a]n action by a creditor against a guarantor of a debtor's obligations will necessarily affect the creditor's status, vis-à-vis, other creditors, and that the administration of the estate therefore depends on the outcome of that litigation." *Coordinated Components Corp. v. Art Mold & Polishing Co. (In re Dak Mfg. Corp.)*, 73 B.R. 917, 921 (Bankr. N.J. 1987), *citing Pacor v. Higgins (In Re Pacor)*, 743, F.2d 984 (3d Cir. 1984). In this case, the determination of the rights and liabilities of the parties in the underlying transaction will significantly affect the rights of the creditors in the bankruptcy. Far East is the largest creditor in this bankruptcy. If it is determined that ARI is liable to Far East, without indemnification rights against the debtor, and Far East recovers against ARI, the largest debt of this bankruptcy will be discharged completely, thus resulting in a potentially much more fiscally solvent debtor. The position of the other creditors will be drastically improved should this occur. Thus, in the interest of justice, it is imperative for these claims to be tried by the same tribunal, namely, the Texas bankruptcy court.

Accordingly, the interest of justice suggests this Court approve ARI's motion to transfer.

2. **Convenience of the Parties**

The convenience of the parties also leans in favor of transferring this case to Texas. First, as noted in ARI's motion to transfer, Far East has already participated in the Texas bankruptcy. Thus, Far East has Texas counsel that is capable of representing Far East's interest. Second, Far East's contention that a Nevada court is better suited to interpret California law because of the proximity of the states is misguided. As repeatedly noted by several courts, the federal judges are fully capable of interpreting the law in other jurisdictions. *See In the Matter of Chicago, Milwaukee, St. Paul & Paul &Pacific R.R.Co.*, 6 F.3d 1184 (7th Cir. 1993) (stating that bankruptcy courts are qualified to resolve issues of state law). Third, Far East is likely incorrect that travel

\\Merlin\shared\Matters\American Realty Investors, Inc.\Far East National Bank v American Realty Investors, Inc\502596-00001\1526045.doc

would be easier between California and Nevada. At best, this is true for only one party, and this matter does not implicate the real property located in California.

Dated this 12th day of November, 2010.

                                         JONES VARGAS

                                         By:_____
                                               Brian R. Irvine, Esq.
                                               John P. Sande, Iv, Esq.
                                               100 W. Liberty St., 12th Fl.
                                               P. O. Box 281
                                               Reno, NV 89504
                                         Attorneys for Defendant,
                                         American Realty Investors, Inc.

## CERTIFICATE OF SERVICE

I certify that on this date, pursuant to FRBP 7005 and 9027, I am serving a true copy of the attached:

### REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

on the party(s) set forth below by:

I served the above-named document(s) by the following means to the persons as listed below:

    x  a.    **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

    ☐  b.    **United States mail, postage fully prepaid** (list persons and addresses):

> Paul Matteoni
> Jasmine K. Mehta
> Bruce T. Beesley
> Lewis and Roca LLC
> 50 W. Liberty St., Ste. 410
> Reno, NV 89501
> (Counsel for Plaintiff Far East National Bank)

    ☐  c.    **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

    ☐  d.    **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

    ☐  e.    **By fax transmission** (list persons and fax numbers):

    ☐  f.    **By messenger:**

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 12th day of November, 2010

|    Lydia Brunelli    |    /s/ Lydia Brunelli    |
|---|---|
| Name | Signature |