BRIAN R. IRVINE, ESQ.
Nevada Bar #7758
JOHN P. SANDE, IV, ESQ
Nevada Bar #9175
JONES VARGAS
100 W. Liberty St., 12th Fl.
P. O. Box 281
Reno, NV 89504
Telephone: 775-786-5000
Facsimile: 775-786-1177
Email: birvine@jonesvargas.com

Attorneys for Defendant
American Realty Investors, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ART PICCADILLY AIRPORT, LLC;<br><br>ART PICCADILLY CHATEAU, LLC; and<br><br>ART PICCADILLY SHAW, LLC | Bankr. E.D. Tex. Case Nos.<br><br>10-42374-BTR-11<br>(lead case for joint administration)<br><br>10-42376-BTR-11<br><br>10-42377-BTR-11 |
| FAR EAST NATIONAL BANK,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY INVESTORS, INC.,<br><br>    Defendant.<br>_____/ | Bankr. D. Nev. Case No. BK-N-10-05095<br><br>[Case No. CV10-02718, Dept. B7 (Flanigan, J.)<br>Second Judicial District Court for Washoe<br>County, Nevada]<br><br>**MOTION FOR RECONSIDERATION** |

On November 29, 2010, the parties conducted a hearing regarding the removal and transfer of the above referenced action to the United States Bankruptcy Court in the Eastern District of Texas (the "**Texas Court**"). The Court made an oral finding that removal of the action from the Second Judicial Court of Nevada to the United States Bankruptcy Court was improper because American Realty Investors, Inc. ("**ARI**") was a citizen of the State of Nevada and thus could not remove the action from State Court based upon 28 U.S.C. §1441. Having made such a ruling, the

1  Court was not required to address the issue of whether the matter could be transferred to the Texas
2  Court. This ruling is to be incorporated into an order that is to be entered accordingly.

3  Although the Court's reasoning under 28 U.S.C. §1441 is correct, and a citizen of a State
4  where an action is brought cannot remove the case to Federal Court based solely on diversity
5  jurisdiction, ARI requests reconsideration of the ruling because ARI believes there exists an
6  independent basis for removal under 28 U.S.C. § 1452, and, in fact, removed this matter under that
7  statute, not 28 USC §1441. "Reconsideration is appropriate if the district court (1) is presented
8  with newly discovered evidence, (2) committed clear error or the initial decision was manifestly
9  unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS,*
10 *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). ARI asks this Court to reconsider and reverse its ruling
11 because the ruling was based upon the notion that removal was being sought based upon 28 U.S.C.
12 §1441 rather than 28 U.S.C. §1452, which is not the case.

13 This matter is related to the bankruptcy case initiated by the Piccadilly Entities in the Texas
14 Court because it involves a guaranty of a debt that is the subject of the Texas bankruptcy
15 proceeding. *See In re Fietz*, 852 F.2d 455, 457 (1988); *Pacor Inc. v. Higgins*, 743 F.2d 984
16 (1984). Accordingly, this matter is removable pursuant to 28 U.S.C. § 1452:

>  (a)  A party may remove any claim or cause of action in a civil action… to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

20 28 U.S.C. §1452(a)

21 The fact that the removing party is a citizen of the forum state is not a bar to removal under
22 28 U.S.C. §1452(a). That bar exists in cases where a party seeks removal under 28 U.S.C. §1441.
23 Here, ARI removed this matter pursuant to 28 U.S.C. §1452, and its citizenship in the State of
24 Nevada is not a necessary inquiry for this Court to determine whether removal is proper.

25 ////
26 ////
27 ////
28 ////

Accordingly, ARI requests this Court's reconsideration of the matter.

DATED this _____ day of November, 2010.

JONES VARGAS

By: _____
BRIAN R. IRVINE, ESQ.
State Bar No. 7758
JOHN P. SANDE, IV, ESQ.
State Bar No. 9175
100 W. Liberty St., 12th Floor
P. O. Box 281
Reno, NV 89504-2281
Telephone: (775) 786-5000

# CERTIFICATE OF SERVICE

I certify that on this date, pursuant to FRBP 7005 and 9027, I am serving a true copy of the attached **MOTION FOR RECONSIDERATION** on the party(s) set forth below by:

2. I served the above-named document(s) by the following means to the persons as listed below:

☒ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

☐ b. **United States mail, postage fully prepaid** (list persons and addresses):

> Paul Matteoni
> Jasmine K. Mehta
> Bruce T. Beesley
> Lewis and Roca LLC
> 50 W. Liberty St., Ste. 410
> Reno, NV 89501
> (Counsel for Plaintiff Far East National Bank)

☐ c. **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

☐ d. **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

☐ e. **By fax transmission** (list persons and fax numbers):

☐ f. **By messenger:**

I declare under penalty of perjury that the foregoing is true and correct.

DATED this __30th__ day of November, 2010.

_D. Thiesse_             _D. Thiesse_
Name             Signature

1528949.doc