BRIAN R. IRVINE, ESQ.
Nevada Bar #7758
JOHN P. SANDE, IV, ESQ
Nevada Bar #9175
JONES VARGAS
100 W. Liberty St., 12th Fl.
P. O. Box 281
Reno, NV 89504
Telephone:  775-786-5000
Facsimile:  775-786-1177
Email: birvine@jonesvargas.com

Attorneys for Defendant
American Realty Investors, Inc.

Electronically filed on December 14, 2010

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ART PICCADILLY AIRPORT, LLC;<br><br>ART PICCADILLY CHATEAU, LLC; and<br><br>ART PICCADILLY SHAW, LLC | Bankr. E.D. Tex. Case Nos.<br><br>10-42374-BTR-11<br>(lead case for joint administration)<br><br>10-42376-BTR-11<br><br>10-42377-BTR-11 |
| FAR EAST NATIONAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN REALTY INVESTORS, INC.,<br><br>Defendant. | Bankr. D. Nev. Case No. BK-N-10-05095<br><br>[Case No. CV10-02718, Dept. B7 (Flanigan, J.)<br>Second Judicial District Court for Washoe County, Nevada] |

## REPLY TO MOTION FOR RECONSIDERATION

Defendant, American Realty Investors, Inc. ("ARI"), hereby submits its reply to the opposition of Far East National Bank ("Far East") to ARI's motion for reconsideration (Dkt # 32).

On November 29, 2010, the parties conducted a consolidated hearing for Far East's motion to remand/abstain (Dkt #10) and ARI's motion to transfer venue (Dkt #5).  Prior to the hearing, Far East did not challenge the appropriateness of ARI's removal of the action from state court.

However, at the hearing, the Court questioned the appropriateness of the removal based upon 28 U.S.C. § 1441. ARI's counsel was given opportunity to argue that removal was proper, but because the issue was not briefed prior to the hearing, ARI's counsel was unprepared to make such arguments. On November 30, 2010, the day after the hearing, ARI filed this motion to reconsider this Courts judgment asserting that 28 U.S.C. § 1452 provides an independent basis for the removal of the action. Far East has opposed this motion and argues that the motion for reconsideration is procedurally deficient and §1452 does not provide an independent basis for removal.

**1. ARI'S MOTION FOR RECONSIDERATION IS PROCEDURALLY PROPER.**

Although a motion to reconsider is not necessarily enumerated in the Federal Rules of Civil Procedure, the basis for such a motion is well recognized. *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 248-49 (1989); *Zander v. Craig Hospital*, 267 F.R.D. 653, 655-56 (2010). When the moving party fails to set forth the statutory authority for review, courts will often review the motion under Fed.R.Civ.P. 54(b) or Rule 60(b). *id*.

Rule 54(b) states: "…[A]ny order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Here, judgment was not entered adjudicating all of the claims. Thus, it is well within this Court's discretion to revise the preliminary order of the Court.

Moreover, as described in Far East's Opposition, Rule 60(b) allows for reconsideration of an order for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

///

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Rule 60(b) compliments the bankruptcy court's discretionary powers of equity to "'reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders.'" *In re International Fibercom, Inc.*, 503 F.3d 933, 942 (2007). Here, ARI filed its request for reconsideration the day following the initial hearing so there are no intervening rights on the part of Far East that have become vested in reliance of the order. Accordingly, it is within this Courts authority to reconsider its order based upon legal analysis that ARI's counsel neglected to put forth at the initial hearing. ARI requests this Court's discretion because the issue of the appropriateness of ARI's removal was not challenged by Far East and neither party formally briefed the issue.

Courts general hold that provisions setting aside judgments based upon the excusable neglect of an attorney are liberally construed because they are remedial in character and because the rules favor the proposition that cases should be decided on their merits. *U.S. v. Berger*, 86 F.R.D. 713 (1980)(*citing Medunic v. Lederer*, 533 F.2d 891 (3rd Cir. 1976). Such reasoning is strengthened in this case because an order remanding the case back to state court is not likely appealable. 28 U.S.C. § 1334(d). Accordingly, extraordinary circumstances exist in this instance

///

///

C:\Users\mnobach\Desktop\1531814.doc

1  due to the lack of appellant review that would permit this Court to reconsider its previous order. *In re Pacific*, 889 F.2d at 250. ARI respectfully and humbly requests this Court's order reconsidering its previous order.

### 2. REMOVAL FROM STATE COURT IS PROPER BECAUSE JURISDICTION EXISTS PURSUANT TO 28 U.S.C. § 1334.

It appears from its Opposition that Far East does not fully understand ARI's arguments set forth in its motion to reconsider. Before considering the merits of Far East's motion to remand/abstain (Dkt #10), this Court was required to determine two separate and distinct issues: (1) whether removal is proper in the first place; and (2) whether the Federal Courts have jurisdiction to hear this matter. In order for ARI to succeed, both of these questions must be answered in the affirmative. At the initial hearing, this Court answered the first question based on § 1441 against removal because Far East initiated the lawsuit in Nevada, which was the home state for purposes of determining residency for diversity jurisdiction. This was the correct analysis based on § 1441.

ARI's counsel would have been wise to request the Court's analysis of §1452 the initial hearing, but unfortunately, this was not done. As a result, the Court was not required to determine the jurisdictional argument. ARI believes this was in error because §1452 allows removal in this case if there is jurisdiction of the matter under § 1334. Thus, the jurisdictional matter must be determined in order to determine if removal was proper in this instance.

Far East, in its Opposition, seemingly contends that §1452, standing alone, does not allow for an independent basis for removal and that in order to properly remove an action "related to" a proceeding under title 11, the removing party must satisfy the requirements set forth in both § 1441 and 1452. This is an incorrect statutory analysis of these two statutes.

///

"Statutory construction canons require that '[w]here both a specific and a general statute address the same subject matter, the specific one takes precedence regardless of the sequence of the enactment, and must be applied first.'"  *In re Padilla*, 222 F.3d 1184, 1192 (2000)(*citing In re Khan*, 172 B.R. 613, 624 (Bankr.D.Minn. 1994).  Section1441 is a general statute relating to removal.  On the other hand, § 1452 is a specific statute relating to removal of actions that arise from section 1334.  28 U.S.C. § 1452.  Therefore, the specific statute, standing alone, will determine if a party may properly remove an action related to a bankruptcy action and the general removal statue will not prevent the removal.

This removal analysis is in line with the cases that have addressed removal based on §§ 1441 and 1452.  *Things Remembered, Inc v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494 (1995) and *Hopkins v. Plant Insulation Co*., 349 B.R. 805 (2006) both review removal of actions when § 1452 is implicated.  Both of these cases acknowledge that a party seeking removal may rely on either §1441 or § 1452 as the basis for removal.  *See e.g., Things Remembered*, 516 U.S. at 129("[t]here is no express indication in § 1452 that Congress intended that statue to be the exclusive provision governing removals and remands in bankruptcy."); *Hopkins*, 349 B.R. 805, 812("Section 1452, ***in addition to*** section 1441, provides the district court with removal jurisdiction over claims arising under title 11…")(emphasis added).  Such is the case here.  ARI claims that the state claims at issue are related to the bankruptcy proceeding currently pending in the Eastern District of Texas and thus § 1452 would allow for the removal of this action.

According to § 1452, the relevant inquiry is whether this Court has jurisdiction over this matter pursuant to § 1334.  Because the foundation for removal is intertwined with the jurisdictional question, if this Court is able to reach the conclusion that it has jurisdiction over this matter pursuant to § 1334, then removal is also proper and the two questions before this Court will be answered in the affirmative.   However, having answered these questions affirmatively does not

end the inquiry. Next, this Court must determine whether equitable factors would require this Court to remand the case. 28 U.S.C. § 1452(b).[1]  ARI has argued they do not. *See* Dkt #20. In the event this Court is inclined to grant ARI's motion for reconsideration, ARI will be prepared to further argue why equitable remand or abstention principals should not preclude the removal of this action.

Dated this 14th day of December, 2010.

JONES VARGAS


By: /s/ Brian R. Irvine
   Brian R. Irvine, Esq.
   John P. Sande, IV, Esq.
   100 W. Liberty St., 12th Fl.
   P. O. Box 281
   Reno, NV 89504
Attorneys for Defendant,
American Realty Investors, Inc.

---

[1] It should be noted at this point that Far East claims that ARI has done an "abrupt about-face" with regard to its claim that diversity jurisdiction does not come into play.  See Opp. (Dkt 32) at 3:17-20.  This is not true.  The purpose for ARI's noting of diversity jurisdiction was for the purpose of arguing that this court was not subject to mandatory abstention.  The parties are diverse parties, but this inquiry is not relevant for the purpose of analyzing the appropriateness of removal based on § 1452.

# CERTIFICATE OF SERVICE

I certify that on this date, pursuant to FRBP 7005 and 9027, I am serving a true copy of the attached

## REPLY TO MOTION FOR RECONSIDERATION

on the party(s) set forth below by:

2. I served the above-named document(s) by the following means to the persons as listed below:

 X  a. **ECF System** (as maintained by the CM/ECF System):

- BRUCE THOMAS BEESLEY- bbeesley@lrlaw.com, rmaples@lrlaw.com;jmoulian@lrlaw.com;mburns@lrlaw.com
- LAURY MILES MACAULEY    lmacauley@lrlaw.com, rmaples@lrlaw.com;jmoulian@lrlaw.com

b. **United States mail, postage fully prepaid** (list persons and addresses):

c. **Personal Service** (list persons and addresses):
I personally delivered the document(s) to the persons at these addresses:

d. **By direct email (as opposed to through the ECF System**) (list persons and email addresses):

e. **By fax transmission** (list persons and fax numbers):

f. **By messenger**:

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 14th day of December, 2010

Michell L. Nobach          /s/Michell L. Nobach
Name                       Signature

JONES VARGAS
100 West Liberty Street, Twelfth Floor - P.O. Box 281
Reno, NV 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177